**XIU MEI CHEN, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney**

---

General,[1] Respondent.

No. 07–3443–ag.

United States Court of Appeals,
Second Circuit.

April 24, 2008.

Yan Wang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Rebecca A. Niburg, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Mei Chen, a native and citizen of the People's Republic of China, seeks review of the August 2, 2007 order of the BIA affirming the October 3, 2005 decision of Immigration Judge ("IJ") Margaret McManus, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Mei Chen*, No. A95 673 158 (B.I.A. Aug. 2, 2007), *aff'g* No. A95 673 158 (Immig. Ct. N.Y. City Oct. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court, for the sake of completeness, may consider the IJ's decision in reviewing the BIA's if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. Dep't Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Manzur v. Dep't Homeland Sec.*, 494 F.3d 281, 288–89 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

▮ We find that the agency did not err in denying Chen's asylum claim based on her alleged "resistance" to China's planned birth policy. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 312–13 (2d Cir.2007) (*en banc*) (citing 8 U.S.C. § 1101(a)(42)). The agency properly noted that Chen did not allege that she experienced any harm in China on account of the May 2003 incident at her sister's home. Regarding her claim that she has a well-founded fear of persecution on the basis of that incident, the agency properly found that there was insufficient evidence in the record to establish that the government maintained any interest in persecuting her. Moreover, even assuming that Chen is correct that she will face a "penalty" in China on account of her alleged resistance, she does not point to any evidence that such a penalty would rise to the level of persecution. *See Xiu Fen Xia v. Mukasey*, 510 F.3d 162, 166 (2d Cir.2007).

▮ Regarding Chen's fear of persecution under China's family planning policy based on the birth of her United States citizen daughter, we find no error in the agency's conclusion that this fear was not well-founded where Chen has only one child. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005). Chen herself testified that the family planning policy as enforced in her home province of Fujian would allow her to have more than one child because she possesses a rural, or agricultural, household registration and because her firstborn was a girl. The U.S. State Department's Asylum Profile (found in the record) confirms that married couples in Fujian are allowed to have one child without applying for permission and that residents of rural areas enjoy more flexibility in having a second child. In light of the foregoing, the agency reasonably concluded that Chen failed to establish a well-founded fear of persecution on this basis.

▮ Finally, while Chen argues that the agency erroneously denied her application for CAT relief, she fails to point to any record evidence that would contravene the agency's finding that she did not establish that it was more likely than not that she would face torture in China. *See* 8 C.F.R.

§§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004). As such, the agency's denial of CAT relief was not improper.

For the foregoing reasons, the petition for review is DENIED.